## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| RPC BRANDS LLC, <br> 1881 N Nash Street, Unit 2301 <br> Arlington, VA 22209 <br><br> Plaintiff, <br><br> v. <br><br> THE HI COLLECTION, LLC d/b/a <br> HI COLLECTION d/b/a HI SELTZER <br> 3620 Walden Dr., Ste. 211 <br> Lexington, KY 40517 <br><br> Defendant. | Civil Action No. 1:26-cv-361 |

## **COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT**

Plaintiff RPC Brands LLC ("Plaintiff" or "RPC Brands") by its undersigned counsel, alleges as follows for its Complaint against Defendant The Hi Collection, LLC d/b/a Hi Collection d/b/a Hi Seltzer ("Defendant" or "Hi Seltzer").

### NATURE OF THE ACTION

1. This action arises from Defendant's refusal to pay for services it solicited, accepted, and benefitted from a written agreement with Plaintiff.

2. RPC Brands fully performed its contractual obligations. Hi Seltzer did not dispute performance but instead failed to pay in an amount not less than $68,386.62 in invoiced amounts.

3. Having received the benefit of RPC Brands' services without payment, Plaintiff now seeks judicial relief to obtain a declaration of its rights and damages for breach.

4. RPC Brands brings this action to obtain a judicial declaration that Hi Seltzer is obligated to pay outstanding invoices issued under the Agreement and to recover damages for Hi Seltzer's

1

breach of that Agreement.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1). , Complete diversity exists. Plaintiff is a limited liability company whose members are residents of Virginia. Upon information and belief, Defendant is a limited liability company whose sole member, Louis Police, is a resident of Kentucky. The amount in controversy exceeds $75,000.[1]

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District and because the parties expressly agreed to litigate any dispute arising out of the Agreement in Virginia.[2]

## PARTIES

8. Plaintiff RPC Brands LLC is a Delaware limited liability company with its principal place of business in Virginia and is duly authorized to transact business in Virginia (SCC Entity ID No. 11957693). RPC Brands is engaged in the development and growth of wine and spirits brands within the adult-beverage industry. RPC Brands provides strategic consulting, brand development, and sales execution services for portfolio companies through a proprietary sales platform.

9. Defendant The Hi Collection, LLC is a Delaware limited liability company with its principal place of in Kentucky. Hi Seltzer is a business entity engaged in the manufacture and distribution of cannabis-infused beverage products.

---

[1] Inclusive of the unpaid amount of invoices totaling not less than $68,386.62 as well as attorneys' fees, cost of suit, and other fees. *See 4D-Enters., LLC v. Aalto Hyperbaric Oxygen, Inc.,* No. 119CV01504AJTIDD, 2020 WL 13750417, at *4 (E.D. Va. June 8, 2020) (holding that an indemnification clause can permit recovery of attorney's fees in a first-party breach action).

[2] The Agreement explicitly states, "[t]his Agreement has been made and delivered in the State of Virginia in which state the offices of Contractor are located. Any action related to or arising out of this Agreement shall be brought solely in the State courts of Virginia or the federal courts located in that state, and the parties irrevocably commit to the jurisdiction of said courts." *See* Exhibit A.

## FACTUAL ALLEGATIONS

10. On or about March 12, 2025, RPC Brands and Hi Seltzer executed a written Master Services Agreement with an attached Statement of Work ("Agreement"). A true and correct copy of the Agreement is referenced herein and will be attached as Exhibit A.

11. Under the Agreement, RPC Brands agreed to provide brand-building, strategic consultancy, and sales execution services to develop and grow the Hi Seltzer brand, including identifying strategic markets and accounts, presenting the brand to retailers, and executing depletions.

12. Hi Seltzer agreed to pay RPC Brands a fee of $2,000 per salesperson per month, with all invoices due within fifteen (15) days of receipt.

13. RPC Brands fully performed its obligations, including deploying ten (10) sales representatives across multiple markets and carrying out the contracted services.

14. Between March and August 2025, RPC Brands issued invoices totaling $68,386.62, all past due.

15. Hi Seltzer did not dispute the invoices, did not assert non-performance, and did not invoke any purported contractual right to withhold payment.

16. On September 25, 2025, RPC Brands sent a written demand for payment. Hi Seltzer confirmed receipt on or about September 29, 2025. A true and correct copy of the written demand is referenced herein and will be attached as Exhibit B.

17. On October 10, 2025, RPC Brands sent a Notice of Duty to Preserve Evidence. This letter was intended to serve as a notice of anticipation of litigation. A true and correct copy of the notice is referenced herein and will be attached as Exhibit C.

18. On October 17, 2025, Hi Seltzer responded in writing, denied owing the amounts, and alleged for the first time that it did not receive the services it had contracted for.

19. Defendant's refusal to pay or respond has made judicial intervention necessary.

20. RPC Brands is entitled to recover its attorneys' fees and costs pursuant to the express terms of the parties' Agreement. Section 8 of the Agreement provides that Hi Seltzer "agrees to indemnify [RPC Brands] and hold it harmless from any cost or expenses, including attorney fees, and any and all liability or loss resulting from or arising in any way out of the performance of Services under this Agreement." The claims asserted in this action arise directly out of the performance of services under the Agreement. Accordingly, under the plain language of the Agreement, RPC Brands is entitled to recover its reasonable attorneys' fees, costs, and expenses incurred in connection with the enforcement of its contractual rights and the defense of claims arising from its performance of services.

## COUNT I — DECLARATORY JUDGMENT
### (28 U.S.C. §§ 2201–2202)

20. Plaintiff incorporates by reference Paragraphs 1-19 as though fully set forth herein.

21. A live controversy exists because Hi Seltzer, after accepting the benefits of RPC Brands' performance, has refused to pay.

22. By its conduct, Hi Seltzer has created an actual dispute requiring judicial resolution as to its obligation to pay the invoiced amounts.

23. RPC Brands is entitled to a declaration that Hi Seltzer is obligated to pay RPC Brands the unpaid invoices pursuant to the Agreement.

## COUNT II — BREACH OF CONTRACT

24. Plaintiff incorporates by reference Paragraphs 1-23 as though fully set forth herein.

25. The Agreement is a valid and enforceable written contract executed by both parties.

26. RPC Brands fully and timely performed all material obligations required of it under the Agreement, including deploying sales personnel and executing the brand-building, market-development, and sales services for which Hi Seltzer bargained.

27. Hi Seltzer received, accepted, and benefitted from RPC Brands' performance without objection, reservation, or notice of deficiency.

28. Despite receiving the full benefit of RPC Brands' performance, Hi Seltzer failed to pay the invoiced amounts when due and failed to cure after written demand.

29. Hi Seltzer offered no contractual or factual basis to withhold payment and supplied no dispute notice as contemplated by the Agreement.

30. Hi Seltzer's refusal to pay constitutes a material breach of the Agreement.

31. As a direct and proximate result of Defendant's breach, RPC Brands has suffered damages in an amount not less than $68,386.62.

32. Because RPC Brands was forced to resort to litigation to secure payment that should have been made without suit, RPC Brands is also entitled to recover attorneys' fees and costs as permitted by Virginia law in actions arising from a party's wrongful refusal to honor contractual obligations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant and award the following relief:

  A. A declaration that Defendant is obligated to pay the invoiced amounts owed to Plaintiff;

  B. Compensatory damages in the amount of $68,386.62;

  C. Compensatory damages in an amount to be determined for attorneys' fees incurred as

provided for under the parties' Agreement;

D. Costs of suit;

E. Pre- and post-judgment interest; and

F. Such other relief as the Court deems just and proper.

Date: February 5, 2026

Respectfully submitted,

_____
Robert Powers, Esq. (VSB# 80822)
MCCLANAHAN POWERS, PLLC
3160 Fairview Park Drive, Suite 410
Falls Church, VA 22042
Telephone: (703) 520-1326
Facsimile:  (703) 828-0205
    Email: rpowers@mcplegal.com
          ldavis@mcplegal.com

Nadin Linthorst*
New York State Bar No. 5559042
Lex Politica PLLC
#129 7415 SW Parkway
Building 6, Suite 500
Austin, TX 78735
Telephone: 512-354-1785
jessica@lexpolitica.com
nlinthorst@lexpolitica.com

**COUNSEL FOR PLAINTIFF**

*\* Motion for admission pro hac vice forthcoming*

## CERTIFICATE OF TRANSMISSION

I hereby certify that the forgoing COMPLAINT with referenced EXHIBITS, if any, is being electronically transmitted on the date noted below via the CM/ECF system of the U.S. District Court for the Eastern District of Virginia at https://ecf.vaed.uscourts.gov/. The requisite filing fee of $400.00 and any additional fees related to this matter are being charged to a credit card concurrently with this filing.

Date: February 5, 2026,

By: _____
Robert Powers, Esq.
*Counsel for Plaintiff*